IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DON RICHARD COX, SR., PRO SE, TDCJ-CID # 1053156, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:11-CV-0174 |
| VIOLA BLACKWELL, LEVIN W. FULLER, RAYMOND SOTO, KARLA D. STEWART, and (UNKNOWN) JANE DOE, | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff DON RICHARD COX, SR., acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis

Plaintiff complains that, on April 7, 2011, he was written a false disciplinary case by defendant BLACKWELL and defendant DOE for threatening another inmate. Plaintiff says this was done so he would be terminated from his job assignment. Plaintiff says the case was dropped, but defendant FULLER ordered BLACKWELL to write it up again.

Plaintiff alleges defendants SOTO, the disciplinary hearing officer, and STEWART, plaintiff's counsel-substitute, denied him the right to call various witnesses at the disciplinary hearing in violation of his due process rights. As a result, plaintiff says, he suffered a demotion

in time earning class from SAT III to SAT IV and received 45 days commissary and recreation restriction.

Plaintiff requests the disciplinary case be expunged from his record, an award of punitive damages against all the defendants, and that he receive reasonable attorneys fees and costs for filing the case.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

The Court is aware that some mistakenly perceive the Constitution as a micromanager of day-to-day prison activities. It is not. Further, suit in federal court is not an extension of the prison grievance process.

Prisoners have no constitutionally protected liberty or property interests in their prison job assignments. *Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989)(state prisoner); *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir. 1995)(federal prisoner). Therefore, the fact that plaintiff lost his prison job assignment does not provide a basis to support a claim under section 1983.

Malicious prosecution no longer provides an independent basis for a section 1983 claim in this Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). To the extent plaintiff claims defendants BLACKWELL and DOE wrote him a false disciplinary case and that defendant FULLER ordered or approved its rewriting after the case was initially dropped, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

A counsel substitute representing an inmate in prison disciplinary proceedings does not act under color of state law for purposes of claims brought under Title 42, United States Code, section 1983. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Consequently, plaintiff

3

is unable to show one of the two essential elements necessary to state a civil rights claim. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)(two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official). Plaintiff's claim against defendant STEWART lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's due process claim against defendant SOTO remains. In the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), a prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995)). The effect on the duration of his sentence that a reduction in class has upon an inmate's ability to earn good-time credits is too speculative and too attenuated to invoke the procedural guarantees of the Due Process Clause. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)(citing *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). Plaintiff lost no accumulated good-time credits and the punishment he received did not clearly impinge on the duration of his confinement. Plaintiff has no federally protected due process rights in connection with the disciplinary hearing conducted by defendant SOTO. Therefore, plaintiff's

claim against defendant SOTO lacks and arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff DON RICHARD COX, SR., is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____16th_____ day of August, 2011.

MARY LOU ROBINSON
United States District Judge